UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOMINGO RAFAEL MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 2:26-cv-02898-TMC<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |

## I. ORDER

On August 14, 2026, Petitioner Domingo Rafael Martinez filed a petition for writ of habeas corpus and a motion for a temporary restraining order ("TRO") asking the Court to order his release from immigration detention at the Northwest ICE Processing Center ("NWIPC") or that Respondents provide him with his prescribed antihypertensive medication. Dkt. 3 at 1–2.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so

long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Respondents argue that Petitioner is not entitled to immediate release and has already received the necessary medications. Dkt. 8 at 4–5. This Court agrees.

First, Respondents acknowledge the Ninth Circuit's ruling in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026), and concede that Petitioner is a Bond Denial Class member detained under § 1226, which entitles him to a bond redetermination hearing but not immediate release. Dkt. 8 at 4–5. Because Petitioner is subject only to discretionary detention under § 1226, he is entitled to a bond hearing and may request such a hearing without intervention from this Court.

Second, Respondents argue that "[m]edical records demonstrate that [Petitioner] has been prescribed medication by medical staff at the NWIPC for hypertension and hyperlipidemia" and "has had a full medical evaluation and multiple appointments with medical staff." Dkt. 8 at 6. Respondents submitted sealed documents verifying this treatment. Dkt. 13.

Given that Respondents have provided Petitioner with the medical treatment requested by his motion and acknowledge that he is entitled to a bond hearing, Petitioner has not met the

standard for the "extraordinary remedy" of a TRO. *Winter*, 555 U.S. at 24. The Court therefore DENIES the motion. Dkt. 3.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of August, 2026.

Tiffany M. Cartwright
United States District Judge