UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOMINGO RAFAEL MARTINEZ,

Petitioner,

v.

WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 2:26-cv-02898-TMC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

Petitioner Domingo Rafael Martinez is a 66-year-old noncitizen who suffers from hypertension. Dkt. 16 at 2. He is detained in the Northwest ICE Processing Center in Tacoma, Washington, and has filed a petition for writ of habeas corpus asking this Court to either release him or order Respondents to provide him with a bond hearing. *Id*. Respondents concede that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025) and as such is entitled to a bond hearing before an Immigration Judge ("IJ"). Dkt. 14 at 2. But they claim that Petitioner has yet to request such a hearing. *Id*. at 3. Petitioner states in his traverse that the traverse itself constitutes his "express written request to Respondents and Immigration Court for a § 1226(a) bond redetermination." Dkt. 15 at 1.

The Ninth Circuit recently affirmed that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Under *Rodriguez Vazquez,* Petitioner is entitled to the relief he seeks, i.e., a bond hearing. *See* 28 U.S.C. § 2241(c)(3). Respondents agree that "the appropriate relief here would be either to require Petitioner to request a bond redetermination hearing or to order the Government to provide Petitioner with a Section 1226(a) bond hearing." Dkt. 14 at 3.

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within 14 days of this Order, Respondents must either release Petitioner Domingo Rafael Martinez or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.Dated this 15th day of September, 2026.

Tiffany M. Cartwright
United States District Judge